GROSS, J.
Robert Brady appeals the denial of his post-conviction motion filed under Florida Rule of Criminal Procedure 3.850 after an *561 evidentiary hearing on one of his claims. We affirm.
At the evidentiary hearing, Brady expressed dissatisfaction with his court-appointed attorney and requested another one. The trial court concluded that counsel was providing adequate assistance and denied the request. Brady chose to proceed with counsel.
The evidentiary hearing concerned Brady’s claim that trial counsel was ineffective for failing to call Brady’s cousin as a witness to support a self-defense claim. However, before trial, Brady told his lawyer that he had an alibi defense — he claimed he was in St. Augustine at the time of the shooting; never did Brady tell counsel that he was at the scene of the shooting or that he shot the victim in self-defense. Before trial, Brady told an investigator that he was in Orlando at the time of the shooting. He gave the investigator the name of a witness who supported the alibi. The investigator tried without success to confirm the alibi in North Florida. Brady denied telling his lawyer or investigator that he was in Orlando or St. Augustine at the time of the shooting.
The trial court denied relief, concluding that Brady’s testimony was not credible.
On appeal, Brady raises two arguments. That the court erred in summarily denying claim seven of his motion and that post-conviction counsel provided ineffective assistance.
In claim seven, Brady contends that trial counsel was ineffective for failing to seek suppression of a post-custody statement under Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004). We affirm the summary denial of his claim because Brady received the functional equivalent of adequate Miranda warnings and he failed to show prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
On the remaining claim, our review of the record demonstrates that Brady was not denied meaningful access to the courts. See Kokal v. State, 901 So.2d 766, 777 (Fla.), cert. denied, — U.S. -, 126 S.Ct. 560, 163 L.Ed.2d 471 (2005).

Affirmed.

KLEIN and MAY, JJ., concur.